IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAINE, TARWATER, and BICKERS, LLP, THOMAS A. BICKERS, MICHAEL J. KING, JOHN W. ELDER, and TAYLOR A. WILLIAMS, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case Number: _____<br>)<br>) |
| v. | )<br>) |
| RYAN L. HARRISON, | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Paine, Tarwater, and Bickers, LLP, Thomas A. Bickers, Michael J. King, John W. Elder, and Taylor A. Williams (collectively "Plaintiffs"), by and through counsel, file the following Complaint:

### PARTIES & NATURE OF THE CASE

1. Plaintiff Paine, Tarwater, and Bickers, LLP ("Firm") is a Tennessee limited liability partnership with its principal office at 900 South Gay Street, Suite 2200, Knoxville, Tennessee 37902. The Firm was founded in 1987 in Knoxville, Tennessee, as a Tennessee partnership, and for the duration of its existence, the Firm has maintained its principal place of business in Knoxville.

2. Plaintiffs Thomas A. Bickers, Michael J. King, John W. Elder, and Taylor A. Williams ("Remaining Partners") are partners of the Firm as of August 16, 2019. All of the Remaining Partners are citizens and residents of either Knox or Blount Counties in Tennessee.

3. Until his withdrawal at noon on August 16, 2019, Defendant Ryan L. Harrison ("Defendant") was a partner of the Firm who practiced primarily out of the Firm's office in Austin, Texas. Defendant is a citizen and resident of Austin, Texas.

4. This action seeks a declaratory judgment pursuant to 28 U.S.C.A. § 2201 to determine an actual controversy between the parties as more fully appears in this complaint.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this case, pursuant to 28 U.S.C.A. § 1332(a), because the action is between the citizens of one state and a citizen of another state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The Court has personal jurisdiction over Defendant because Defendant was a partner in a Tennessee partnership, entered into and negotiated a Partnership Agreement governed and protected by the laws of Tennessee, engaged in the management of a business principally located in Tennessee, and availed himself of profits derived from funds received by the Firm for services performed in Tennessee by Tennessee attorneys and on behalf of Tennessee clients.

**7.** Venue is appropriate in this District pursuant to 28 U.S.C.A. § 1391(a), as a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District. Venue is also appropriate in this Court under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because Defendant participated in formulation of the partnership agreement in this District.

## FACTUAL BACKGROUND

8. Donald F. Paine, D. Michael Swiney, Dwight E. Tarwater, and T. Harold Pinkley founded the Firm in 1987 in Knoxville, Tennessee.

9. From its founding, the partners of the Firm have operated under the terms of a Partnership Agreement.

10. The Remaining Partners and Defendant entered the current Amended and Restated Limited Liability Partnership Agreement ("Partnership Agreement") on February 1, 2019, a redacted copy of which is attached hereto as **Exhibit A**.

11. Although the Partnership Agreement has been modified over the course of the Firm's three decades of existence, the method for determining the value of a withdrawing partner's Partnership Interest has remained unchanged since the Firm's founding.

12. Section 9.3 of the Partnership Agreement governs the withdrawal of a partner from the Firm and provides factors to be considered in determining the value of a withdrawing partners Partnership Interest:

> The value of a withdrawing Partner's Partnership Interest shall be paid to him on the effective date of such Partner's withdrawal and shall be a sum equal to the departing partner's proportionate share of the Partnership cash and the net accounts receivable of the Partnership as the same are received by the Partnership, with such determination of the departing Partner's proportionate share of such Partnership net accounts receivable to take into account (i) such departing Partner's share of Partnership profits and/or losses attributable to fees received by the Partnership from the calendar year in which his withdrawal occurred until the date of his departure; (ii) any withdrawals made by the departing Partner during such period and, if applicable, by the debit balance of the departing Partner's drawing account carried forward to such period; and (iii) such departing Partner's proportionate share of any fees received by the continuing Partnership subsequent to the departing Partner's departure in respect of accounts receivable outstanding as of such date of departure and for work in progress as of such date unless the Partnership is voluntarily dissolved or liquidated as provided in Article 10 below.

13. Throughout the history of the Firm, every partner who has withdrawn from the Firm has been subject to the provisions set forth in Section 9.3. In every instance, the value of the withdrawing partner's Partnership Interest was determined by taking into account the factors set forth in Section 9.3.

3
4379317.1
Case 3:19-cv-00318-TRM-HBG   Document 1   Filed 08/16/19   Page 3 of 7   PageID #: 3

14. On July 19, 2019, Defendant provided Plaintiffs a notice of withdrawal from the Firm. A copy of the notice is attached as **Exhibit B**.

15. Despite three decades of past performance and interpretation of Section 9.3 – including one instance only a few months ago in which Defendant participated – Defendant's notice purports to "calculate" the value of his Partnership Interest using the "formula" in Section 9.3.

16. Based on said "calculation," Defendant demanded he be paid nearly $340,000 for his Partnership Interest. The "calculation" of Defendant's "proportionate share" of Partnership Cash and accounts receivable resulted in Defendant demanding a fixed percentage of the cash held by the firm and of the Firm's outstanding account receivables.

17. The factors set forth in Section 9.3 have never been used as a "formula" to determine a withdrawing partner's Partnership Interest.

18. In every instance where a partner has withdrawn from the Firm, the value of the withdrawing partner's partnership interest has been determined by evaluating a number of factors that measure the withdrawing partner's "proportionate share" of Partnership cash and net accounts receivable.

19. A withdrawing partner's "proportionate share" is – and always has been – determined by evaluating, among other factors: (1) the amount of fees collected for work the withdrawing partner had originated for the firm in comparison to the fees collected for work originated by non-withdrawing partners, (2) the amount of fees collected for work performed by the partner in comparison to the fees collected for work performed by the other attorneys in the Firm, (3) the value of annual fees received from the clients the withdrawing partner is taking from the Firm, (4) the reasonable expectation of future fees to be collected from clients

4

developed by the withdrawing partner that remained with the firm after withdrawal, (5) the withdrawing partner's share of Firm expenses, debts and future liabilities and (6) the amounts already paid to the withdrawing partner in the calendar year.

20. In April 2019, another partner withdrew from the Firm. The determination of that withdrawing partner's "proportionate share" was done in the manner described in paragraph 19. Defendant acquiesced to determining that partner's "proportionate share" in this manner.

21. For calendar year 2019, Defendant was responsible for the origination of approximately 5% of the Firm's accounts receivable. Likewise, Defendant's collections for work he personally performed account for approximately 5% of the total collections of the Firm.

22. In determining net accounts receivable for previous withdrawing partners, the Firm takes into account the withdrawing partner's share of Firm debts, expenses and future liabilities, as well as the amounts the withdrawing partner has already received in the calendar year.

23. Defendant's "calculation" did not take into account any Firm expenses, debts or liabilities. He seeks a percentage of cash without accounting for liabilities such as 401K contributions, payroll, rent, and other ongoing obligations. Moreover, Defendant's withdrawal from the Firm has necessitated the closure of the Austin office. The lease for the Austin office runs through September 30, 2020. The Firm's liability to the Austin landlord for the balance of the lease exceeds $90,000.

24. Defendant also arranged for every Texas client (including those he was credited for originating as well as some that were originated by other attorneys) to leave with him upon his withdrawal from the Firm. His "calculation," though, did not take into account that these clients were moving to Defendant's new law firm at Defendant's request. Defendant's work in

5

4379317.1
Case 3:19-cv-00318-TRM-HBG   Document 1   Filed 08/16/19   Page 5 of 7   PageID #: 5

developing these clients was done exclusively while Defendant worked at the Firm. Defendant used resources of the Firm to develop business from these clients.

25. Defendant's "calculation" further does not take into account that his withdrawal and taking of every Texas client necessitated the closure of the Firm's Texas operations. Defendant made his unilateral decision to the detriment of the Firm despite the fact that he had been the primarily beneficiary of the Firm's Texas office, despite the fact that Defendant signed the lease that the Firm is now obligated to pay, and despite the fact that Defendant was the partner in charge of the Firm's Texas office and accountable to the Remaining Partners for the Texas office's continued operation and success.

26. Defendant's demand of nearly $340,000 for his Partnership Interest is more than any other withdrawing partner (with one exception) has ever been paid at the time of withdrawal. In the case of the exception, the withdrawing partner left the private practice of law and *left behind* a book of business that exceeds the annual fees from the clients Defendant is *taking* by nearly a factor of five.

27. Taking into account all of the factors, the value of Defendant's Partnership Interest is more than offset by the Defendant's share of Firm liabilities and the book of business he is taking to his new law firm. Accordingly, Plaintiffs aver that the value of Defendant's Partnership Interest is zero.

## DECLARATORY JUDGMENT

28. Plaintiffs incorporate by reference and rely upon all previous allegations of this Complaint as if fully restated herein.

29. Pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiffs seek a determination of their rights and responsibilities for the

4379317.1

payment of Defendant's Partnership Interest pursuant to the Partnership Agreement.

30. Specifically, Plaintiffs seek a judgment from this Court that:

   a. Section 9.3 is not a "formula" for the calculation of the value of a withdrawing partner's Partnership Interest;

   b. Section 9.3 provides a list of factors to be considered in determining the value of a withdrawing partner's Partnership Interest; and

   c. Taking into account all of the factors, the Remaining Partners owe Defendant nothing for his Partnership Interest.

## PRAYER FOR RELIEF

**WHEREFORE**, now having fully stated its complaint, Plaintiffs respectfully request from this Court that:

1. Summons be issued for Defendant and that he be required to answer this Complaint within the time required by law.

2. This Court enter a declaratory judgment that:

   a. Section 9.3 is not a "formula" for the calculation of the value of a withdrawing partner's Partnership Interest;

   b. Section 9.3 provides a list of factors to be considered in determining the value of a withdrawing partner's Partnership Interest; and

   c. Taking into account all of the factors, the Remaining Partners owe Defendant nothing for his Partnership Interest.

The Court grant such other relief it deems proper.

        WOOLF, McCLANE, BRIGHT,
         ALLEN & CARPENTER, PLLC

        By: s/W. Kyle Carpenter _____
          W. Kyle Carpenter, BPR #005332
        Post Office Box 900
        Knoxville, Tennessee 37901-0900
        (865) 215-1000

        *Attorney for Plaintiffs*